CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 26 2019

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:97cr70070-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BOBBY JUNIOR VENABLE, | ) | By: Hon. Jackson L. Kiser |
| | ) |     Senior United States District Judge |
| Defendant. | ) | |

On January 30, 1998, following his guilty plea, Defendant was sentenced to 110 months imprisonment with four years of supervised release to follow. On March 19, 2008, pursuant to Amendment 9/706 of the United States Sentencing Guidelines, I reduced Defendant's sentence to "96 months OR time served, whichever is longer"; his term of supervised release was unchanged. [ECF No. 22.] Because Defendant had served more than 96 months, his sentence was reduced to time served, and he was released on March 28, 2008. (See Mot. to Reduce Sent. ¶ 5, Feb. 1, 2019 [ECF No. 44].)

On March 29, 2010, while on supervised release, Defendant was arrested for possession with intent to distribute oxycodone, which violated the terms of his supervised release. Finding a violation of the conditions of supervised release,[1] I revoked Defendant's supervised release and sentenced him 15 months imprisonment, to run consecutively to any sentence in the state court. [ECF No. 42.] Following completion of his state sentence, Defendant began serving his federal sentence; he is currently in custody on that charge with a projected release date of December 15,

---

[1] One of the mandatory conditions of supervised release is: "While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance." Standard Condition #7 reads: "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." (Supervised Release Violation Report, May 15, 2014 [ECF No. 41].)

2019. (See Renewed Motion to Reduce Sentence Pursuant to the First Step Act of 2018 Following Remand ¶ 4, Nov. 21, 2019 [ECF No. 55].)

On February 1, 2019, Defendant filed a Motion for Reduction of Sentence under the First Step Act of 2018. [ECF No. 44.] I denied that motion, stating that, because Defendant had "finished his term of incarceration and is currently in custody following revocation of his supervised released," no reduction was authorized. [ECF No. 48.] Accordingly, I never reached the merits of Defendant's argument in favor of a reduction. In a published opinion issued on November 20, the Fourth Circuit Court of Appeals held that my determination that the First Step Act did not authorize a reduction in this case was in error, and remanded the case for determination on the merits of Defendant's request in the first instance. United States v. Venable, No. 19-6280, slip op. at 1 (4th Cir. Nov. 20, 2019).

In his original motion, Defendant sought a reduction for the purpose of crediting his "overserved time against any time imposed in consequence of a violation of the terms of supervised release that were imposed following his conviction . . . ." (Mot. to Reduce Sent. ¶ 9.) "The net effect, then, of resentencing Mr. Venable to a new sentence . . . would be to shorten his revocation sentence to time served." (Id. ¶ 10.) Following the Fourth Circuit's remand, Defendant filed a renewed motion, seeking a sentence of time served and apparently abandoning any request to "bank" his time. [ECF No. 55.]

Although Defendant has now modified his request, it will still be denied. It has long been the court's policy—as evidenced by Defendant's original sentence reduction—to avoid permitting criminal defendants to "bank time" against any future supervised release violation as a result of a change in their sentence or the Sentencing Guidelines. This is so because "banked time" takes away the threat of punishment, which in many instances eviscerates the primary

disincentive to criminal conduct. See 18 U.S.C. § 3583(c) (2019) (citing 18 U.S.C. § 3553(a)(2)(B) (2019)). To permit a criminal defendant to violate the terms of supervised release without threat of further punishment hamstrings the court from fashioning a sentence that "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense . . . ." Id. (citing 18 U.S.C. § 3553(a)(2)(A)). Accordingly, although Defendant is not precluded under the First Step Act from a reduction in his sentence, I exercise my discretion to deny his request. See First Step Act § 404(c), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (Dec. 21, 2018) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); Venable, slip op. at 14 n.10 ("The parties do not dispute that the district court would have the discretion to refuse a reduction once it considers Venable's motion on the merits.").

Because I would not have granted Defendant a reduced sentence on the merits of his original motion, I see no basis to grant his motion as revised. Although he is eligible for a reduction under the First Step Act, the sentence he is currently serving is for a violation of the court's conditions of supervised release. The First Step Act does nothing to change Congress's view regarding the seriousness of that offense, and I will not be reducing Defendant's sentence for violating the terms of his supervised release because Congress saw fit to decrease the punishment for drug offenses.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 26th day of November, 2019.

                                      s/Jackson L. Kiser
                                      SENIOR UNITED STATES DISTRICT JUDGE